ILICH, D. B. A. FIFTH-FULTON TAVERN, APPELLANT-APPELLEE, *v.* BOARD OF LIQUOR CONTROL, APPELLEE-APPELLANT.

Ohio Appeals, Tenth District, Franklin County.

No. 6148.   Decided December 8, 1959.

*Mr. John C. Wheatley,* for appellant-appellee.
*Mr. Mark McElroy,* attorney general, and *Mr. John W. Leibold,* assistant attorney general, for appellee-appellant.

*Per Curiam.* This is an appeal from a judgment of the Court of Common Pleas reversing the order of the Board of Liquor Control. The Court of Common Pleas found that the order of the Board of Liquor Control was not supported by reliable, probative and substantial evidence, and was contrary to law.

The charges preferred against the permit holder in this case were:

"On or about September 7, 1957, you and/or your agent or employee, did knowingly or willfully allow in and upon the permit premises, improper conduct, in that you did allow to remain in and upon the permit premises, persons who were then and there intoxicated; and further, about the same date, you and/or your agent or employee, did sell in and upon the permit premises, intoxicating liquor, to-wit, malt beverages in excess of 3.2% of alcohol by weight, to Blanche J. Seymour and to Lloyd W. Seymour both of whom were then and there intoxicated—in violation of the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control."

The transcript indicates that a violation of Regulation 52 of the Board of Liquor Control and of Section 4301.22, Revised Code, was presented for consideration. As to a sale to an intoxicated person the court did not have the benefit of the opinion of the Ohio Supreme Court rendered on May 13, 1959, in the case of *State* v. *Morello*, 169 Ohio St., 213, and perhaps that case might influence the judge in changing his opinion as to the degree of proof needed to substantiate a charge of a sale to an intoxicated person.

It will be noted that the complaint in this case contains three charges, to wit: (1) knowingly or willfully allowing improper conduct on the permit premises by permitting intoxicated persons to remain, contrary to Regulation No. 52 of the Board; (2) sale of intoxicating liquor to Blanche Seymour when she was intoxicated, contrary to Section 4301.22, Revised Code,

and (3) sale of intoxicating liquor to Lloyd Seymour when he was intoxicated, contrary to Section 4301.22, supra.

As to the first violation, we cannot say as a matter of law that the court below was incorrect in holding, as it did, with reference to scienter that the proof thereof was insufficient and we therefore affirm the judgment of the court below as to this aspect of the case.

As to the second and third charges we come to different conclusions. The decision of the court below was announced February 27, 1959. Since that time, on May 13, 1959, the Supreme Court of Ohio announced its decision in the case of *State* v. *Morello, supra,* expressly holding that it is not necessary to prove scienter or guilty knowledge to obtain a conviction under Section 4301.22 (B), supra, Revised Code. The second branch of the syllabus in the *Morello case, supra,* is as follows:

"Under Section 4301.22 (B), Revised Code, making an offense the sale of intoxicants to an intoxicated person, which statute makes no reference to scienter, it is not necessary in order to obtain a conviction to prove that the accused knew that the person to whom he is charged with having sold intoxicants was intoxicated, where the means of such knowledge were available to the accused or the common good imposed a duty upon him to obtain it. (The ninth paragraph of the syllabus of *Miller* v. *State,* 3 Ohio St., 475, overruled.)"

We therefore hold that the judgment of the court below reversing the order of the Board as to the two charges of sales to intoxicated persons was erroneous and must be reversed. The cause will therefore be remanded to the Board of Liquor Control for the sole purpose of determining the appropriate penalty taking into account the conviction for the two sales to intoxicated persons but without giving any consideration whatever to the first charge as to the alleged improper conduct.

BRYANT, P. J., and DUFFY, J., concur.
MILLER, J., not participating.